The opinion of the court was delivered by
Watkins, J.
This is an action for the. recovery of damages alleged to have been sustained by the plaintiff by being illegally and wrongfully ejected from one of the cars of the defendant, at the intersection of St. Charles and Napoleon avenues, on the 24th of July, 1892.
When the defendant secured its franchise from the city government to run its cars through certain streets, an ordinance was passed which fixed and prescribed the rate of fare to be charged to all persons residing below Napoleon avenue at five cents from Canal street to Napoleon avenue, and five cents additional from Napoleon ave-, nue to Carrollton; while the rate of fare for all persons residing above Napoleon avenue was only five cents from Canal street to Carrollton — the latter being privileged to purchase ten tickets for fifty cents.
As properly describing the tickets which were in use, and the operation of the city ordinance governing the same, we subjoin an extract from the brief of the defendant’s counsel, viz.:
“ In order, therefore, to carry into effect this provision of the ordinance, the company had printed on the same strip of paper ten tickets with corresponding coupons attached, and sold them to actual residents above Napoleon avenue for fifty cents.
*1369 “The tickets were numbered from one to ten consecutively, and each blue coupon had printed across its face: ‘ Good only to actual residents above Napoleon avenue,’ and on a white strip at the bottom of the ticket was a printed notice that these tickets were to be used only by actual residents above Napoleon avenue — see tickets in' envelope attached to transcript.”
On the occasion referred to, the plaintiff went to the starter’s stand, at the Baronne street end of the defendant company’s line of railway, and purchased a bunch of such tickets as are above described. He then entered one of defendant’s cars, accompanied by his wife and some friends, and paid the fare of the whole party as far as Napoleon avenue, detaching and placing in the fare box four of the red tickets described. However, the plaintiff was duly advised, while the car was on the stand, that he had no right to use those tickets, as he did not live above Napoleon avenue.
When the car reached Napoleon avenue, the collector entered and proceeded to collect the second fare of five cents due from that point to Carrollton, whereupon, being advised that the plaintiff and his party resided below Napoleon avenue, the collector attempted to detach four red tickets, but was prevented from doing so by the plaintiff, who insisted that blue coupons should be detached. This privilege being refused the collector, and the plaintiff declining to give any other than the blue coupons, he and his party were requested to leave the ear, and did leave accordingly.
On this state of facts, the jury who tried the case rendered a verdict in favor of the defendant, and the plaintiff has appealed.
During the progress of the trial the judge charged the jury as follows, viz.:
“ If you find from the evidence before you that the plaintiff lived below Napoleon avenue and obtained by purchase or otherwise, no matter how, if he obtained this bunch of tickets and attempted to use them on the cars of that railroad company, the company had a perfect legal right under the law of Louisiana not only to refuse to take those tickets, but to put him off the cars of the company. I charge you, gentlemen of the jury, further, that the tickets themselves were full notice to him of the contract.”
This charge embodies substantially the defendant’s contract right, as evidenced by the city ordinance, and appears to us to have been strictly correct, and is in keeping with the opinion of this court as *1370 expressed in Forman vs. New Orleans & Carrollton Railroad Company, 40 An. 446, in which an almost exactly parallel case is stated.
Indeed, plaintiff’s counsel recognizes the full force and applicability of that decision, if same is to be maintained, and proceeds to particularly anathematize the doctrine therein announced. But we are nevertheless constrained to uphold that decision, after a careful examination of it and the authorities upon which it is predicated, Which are to the effect that the feature of the contract of defendant with the city which is complained of “is not subject to attack as an unreasonable discrimination, prohibited by the law governing the obligations of common carriers.”
The Forman case was but the reannouncement of the principles decided in DeLucas vs. New Orleans & Carrollton Railroad Company, 38 An. 930. Vide Pickles vs. McLellan Dry Dock Company, 38 An. 412; Villavaso vs. Barthet, 39 An. 247.
It is our opinion that the judgment appealed from is correct and should be affirmed.
Judgment affirmed.